IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Tremayne Juandal Mabry, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | 1:14cv453 (TSE/IDD) |
| ) | |
| Harold Clarke, ) | |
|     Respondent. ) | |

MEMORANDUM OPINION

Tremayne Juandal Mabry, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction in the Circuit Court for the County of Sussex, Virginia. The petition initially was filed on April 14, 2014. Respondent has filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and numerous exhibits. Dkts. 14, 15, 16. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a response on December 16, 2014. For the reasons that follow, the petition must be dismissed.

I.

On February 25, 2009, a jury convicted petitioner of distribution of a schedule II substance (cocaine) in the Circuit Court for the County of Sussex. Commonwealth v. Mabry, Case No. CR0800308-00 (Va. Cir. Ct. Feb. 25, 2009). Petitioner also pleaded guilty to distribution of imitation cocaine. Commonwealth v. Mabry, CR0800307-00 (Va. Cir. Ct. May 20, 2009). He was sentenced on May 20, 2009 to sixteen years' incarceration and a $5,000 fine. He also received a five-year suspended sentence for the charge of distribution of imitation cocaine, to run concurrently with his sixteen-year sentence. Petitioner filed a direct appeal in the Court of Appeals of Virginia, arguing that (1) the trial court erroneously denied his request to

obtain a copy of the audio and video recordings used at trial; and (2) the evidence was insufficient to support petitioner's conviction. The Court of Appeals denied the petition for appeal by per curiam opinion on November 6, 2009, and a three-judge panel denied a petition for rehearing on February 9, 2010. Mabry v. Commonwealth, R. No. 1317-09-2 (Va. Ct. App. Nov. 6, 2009 and Feb. 9, 2010). On July 20, 2010, the Supreme Court of Virginia refused petitioner's petition for appeal. Mabry v. Commonwealth, R. No. 100465 (Va. July 20, 2010).

Petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia, arguing that (1) trial counsel was ineffective for failing to present evidence of mitigating circumstances; (2) trial counsel was ineffective for failing to object to a statement of personal opinion by the prosecutor; (3) trial counsel was ineffective for failing to object when the prosecutor appealed to the sympathy and passions of the jury; (4) the prosecutor committed misconduct by misleading the jury and giving his personal opinion during closing argument; and (5) the prosecutor committed misconduct by appealing to the jury's sympathy during sentencing. On November 9, 2011, the court dismissed the petition as untimely filed. Mabry v. Dir., Dep't of Corrs., R. No. 111337 (Va. Nov. 9, 2011). Petitioner filed a motion to reopen his petition on January 22, 2013, which the court denied on February 14, 2013.

On April 14, 2014, petitioner filed[1] the instant federal habeas petition, raising the following claims for relief:

1. Petitioner is entitled to equitable tolling of the statute of limitations.
2. Petitioner is actually innocent of the crimes for which he was sentenced.
3. Petitioner's current incarceration violates the Fourteenth Amendment.
4. Petitioner's current incarceration violates the Eighth Amendment.

---

[1] For purposes of calculating the statute of limitations, the petition is deemed filed when petitioner places it in the prison mail system. Houston v. Lack, 487 U.S. 266 (1988). Petitioner certified that he placed his petition in the prison mail system on April 14, 2014. The court received it on April 21, 2014.

2

5. Petitioner's current incarceration is a direct result of evidence seized in violation of the Fourth Amendment.
6. Petitioner's Due Process rights were denied when he was unable to inspect and copy the video and audio recordings produced at trial.
7. Petitioner's trial was tainted by structural error.
8. Petitioner's conviction was obtained through perjured testimony.
9. Petitioner's conviction was the result of a Napue violation.
10. The trial court abused its discretion by refusing to try petitioner and his co-defendant in a joint trial.
11. Petitioner's Sixth Amendment right to confront the witnesses against him was violated.
12. Trial counsel was ineffective for failing to investigate or present mitigating evidence.
13. Trial counsel was ineffective for failing to move for a mistrial when the prosecutor stated his personal opinion of the evidence and bolstered the testimony of a Commonwealth witness.
14. Trial counsel was ineffective for failing to move for a mistrial when the prosecutor appealed to the sympathy and passions of the jury.
15. Trial counsel was ineffective for failing to move for a joint trial.
16. Trial counsel was ineffective for failing to timely file a pre-trial motion.
17. Appellate counsel was ineffective for failing to raise all colorable claims on direct appeal.
18. The prosecutor misled the jury during closing argument.
19. The prosecutor improperly appealed to the jury's sympathy and passions during sentencing.

Respondent has filed a Motion to Dismiss petitioner's claims. Because the instant petition is barred by the applicable statute of limitations, respondent's Motion must be granted.[2]

## II.

### A. Timeliness

A § 2254 petition for a writ of habeas corpus must be dismissed if filed more than one year after (1) the judgment of conviction becomes final; (2) the removal of any state-created impediment to the filing of the petition; (3) the recognition by the United States Supreme Court

---

[2] Thirteen of petitioner's claims have not been exhausted before the Supreme Court of Virginia. Of the remaining six claims, five are procedurally barred from review by the Supreme Court of Virginia's finding that his state petition for a writ of habeas corpus was not filed in accordance with Virginia Code § 8.01-654(A)(2). However, because the petition as a whole is untimely, these additional procedural impediments need not be discussed.

3

of the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

Based on the records of the state proceedings, petitioner's conviction became final on October 18, 2010, the last day on which he could have petitioned the United States Supreme Court for a writ of certiorari.[3] In calculating the one-year statute of limitations period, however, a federal court must toll any time during which "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). Whether a state post-conviction proceeding is "properly filed" is determined by applicable state law, as interpreted by state courts. See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005); Artuz v. Bennett, 531 U.S. 4, 8 (2000).

Petitioner filed his petition for a writ of habeas corpus in the Supreme Court of Virginia on July 22, 2011.[4] Because the Supreme Court of Virginia found that this petition was not timely filed, however, the petition was not a "properly filed application for State post-conviction or other collateral review," and therefore did not toll the running of the statute of limitations. See Artuz, 531 U.S. at 8 ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and the office in which it must be lodged, and the requisite filing fee.") (emphasis in original) (internal footnote

---

[3] See U.S. Sup. Ct. R. 13(1) (petitions for a writ of certiorari are timely if filed within 90 days of the entry of final judgment by a state court of last resort).

[4] Petitioner dated his petition July 20, 2011, and stated that he delivered it to prison officials at that time. The Supreme Court of Virginia received the petition on July 22, 2011, and subsequently requested petitioner to provide a notarized statement indicating when the petition was actually mailed from his correctional institution. When petitioner did not provide the requested information within the required time period, the court found the petition to be untimely.

4

omitted). Accordingly, the statute of limitations ran unchecked from October 18, 2010, until petitioner filed the instant petition on April 14, 2014 – nearly three and a half years. The instant petition was thus filed nearly two and a half years beyond the one-year limitation period of § 2244(d).

## B. Equitable Tolling

Petitioner argues that he is entitled to equitable tolling of the statute of limitations "because the Supreme Court [of Virginia] erred and abused its discretion in its decision to dismiss petitioner's State Habeas Petition [as untimely]." Pet. Supp., at 8. Petitioner indicated on his state habeas petition that he placed it in the prison mail system on July 20, 2011 – the last day of his one-year period to submit the petition. He states that, according to Houston, 487 U.S. 266, and Rule 3 of the Rules Governing § 2254 Cases, his petition therefore was timely filed. He "submits there should not have been any issue as to proof of timely filing being that his petition was received by the clerk two (2) days after the date petitioner's petition was signed and notarized." Pet. Supp., at 8. He thus contends that the Supreme Court of Virginia erroneously dismissed his petition as untimely filed. In addition, he argues that, after the court requested petitioner to provide a notarized statement indicating the day on which the petition was mailed, he acted with due diligence to obtain one, but that, "due to [his] inability to control prison official[s]," he was unable to obtain such a certificate until November 2, 2012. Id. at 2, 8-9. Petitioner states that he submitted his notarized statement as soon as he obtained it, and then complied with the court's instructions to submit a motion to reopen his petition. Id. at 2. He thus states that his petition was untimely "due to an extraordinary circumstance beyond his control," and that the statute of limitations should be equitably tolled. Id. at 9.

5

"[Section] 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 634 (2010); see also Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). However, "any resort to equity must be reserved for those instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse, 339 F.3d at 246. Therefore, for equitable tolling to apply, a petitioner must establish that (1) he has been diligently pursuing his rights, and (2) some "extraordinary circumstance," beyond his control and external to his own conduct, interfered with his ability to timely file his petition. Holland, 560 U.S. at 649 (quoting Pace, 544 U.S. at 418).

Petitioner's arguments are insufficient to entitle him to equitable tolling. The record reflects that petitioner signed his state habeas corpus petition on July 20, 2011. He states that he placed the petition in the prison mail system that afternoon. Pet. Supp., at 9. The mail was picked up and delivered on July 21, 2011. Id. at 10. The Supreme Court of Virginia received the petition on July 22, 2011. On July 25, 2011, petitioner received a letter from the Supreme Court of Virginia, stating "that petitioner's, Petition for Writ of Habeas Corpus [sic] was received on July 22, 2011, and that the envelope in which it was mailed was stamped on July 21, 2011, as being received by the mailroom and was also post marked the same date." Id. at 2. The court therefore instructed plaintiff to provide the court with a "prison officials [sic] notarized statement showing the date the Habeas Petition was deposited in the institutions [sic] internal mail system." Id. By a later letter, the court instructed petition to provide this information by September 9, 2011. When petitioner did not comply with the court's instructions, the court dismissed the petition as untimely on November 9, 2011. Id.

Petitioner states that, on November 2, 2012, he was finally able to obtain the required documentation, and he submitted it to the court. Id. Significantly, petitioner was not able to obtain a notarized certificate confirming his assertion that the prison received his petition on July 20, 2011. Rather, petitioner has included a notarized copy of the institution's mail log, which indicates that his petition was not received in the mailroom until July 21, 2011. See id. Ex. D-1. Accordingly, petitioner's argument that the Supreme Court of Virginia erroneously dismissed his petition as untimely filed has no merit. The Supreme Court of Virginia, relying on the dates it was provided, found that petitioner filed his petition in the prison mail on July 21, 2011. As Virginia Code § 8.01-654(A)(2) clearly requires petitions to be filed within one year of the final judgment in a criminal case, its strict adherence to this statute is not cause for equitable tolling of the statute of limitations.

Petitioner also argues that he is entitled to equitable tolling for the period during which he was attempting to obtain a notarized statement from prison officials, as well as the time during which he waited for a final decision from the Supreme Court of Virginia on his motion to reopen his habeas petition. Assuming without deciding that petitioner is entitled to equitable tolling for this period, his petition is still untimely. The Supreme Court of Virginia denied his motion to reopen his petition on February 14, 2013. Petitioner did not file the instant petition until April 14, 2014. He has not established why he waited more than one year after receiving this notice to file the instant petition. A prisoner who fails to protect his rights diligently cannot take advantage of equitable tolling. See, e.g., Spencer v. Sutton, 239 F.3d 626, 630-31 (4th Cir. 2001). Accordingly, petitioner is not entitled to equitable tolling.

7

### III.

Petitioner attempts to overcome the statute of limitations by arguing that he is actually innocent of the crimes for which he was convicted.[5] Pursuant to McQuiggan v. Perkins, a petitioner may use a credible showing of actual innocence as a gateway to overcome the statute of limitations and have his claim considered on the merits. McQuiggen, _ U.S. _, 133 S. Ct. 1924, 1928 (2013). To make such a credible showing of actual innocence, a petitioner must present new evidence that, when considered along with all other evidence presented in the case, proves that "it is more likely than not that no reasonable juror would have found the defendant guilty." Schlup, 513 U.S. at 324, 329; see also Murray v. Carrier, 477 U.S. 478, 495 (1986) (plurality opinion) (internal citations and quotation marks omitted) ("[T]he principles of comity and finality that inform the concepts of cause and prejudice must yield to the imperative of correcting a fundamentally unjust incarceration"). Credible claims of actual innocence are rare, and a federal court should apply such a claim only in the most "extraordinary" of circumstances. See, e.g., House, 547 U.S. at 538 (quoting Schlup, 513 U.S. at 327); Wilson v. Greene, 155 F.3d 396, 404 (4th Cir. 1998) ("Claims of actual innocence . . . should not be granted casually.") (internal citations omitted).

To present a credible claim of actual innocence, a petitioner must present "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324. This standard reflects the fact that actual innocence is based on factual, rather than legal, innocence. See, e.g., Sawyer v. Whitley, 503 U.S. 333, 339-40 (1992). Thus, a petitioner must do more than

---

[5] Petitioner also argues that his actual innocence of his convictions excuses his procedural default, based on House v. Bell, 547 U.S. 518, 521 (2006) and Schlup v. Delo, 513 U.S. 298, 319-22 (1995)).

8

simply show that the evidence used to convict him was legally insufficient – he must present new evidence tending to show that he is factually innocent of his crime. See Anderson v. Clarke, No. 3:13cv528, 2014WL 6712639, at *3 (E.D. Va. Nov. 26, 2014) (citing Calderon v. Thompson, 523 U.S. 538, 559 (1998)), aff'd, 600 F. App'x 177 (Mem.) (4th Cir. Apr. 23, 2015).

Petitioner states that he has met his burden of proving actual innocence by obtaining two affidavits, dated June 13, 2011 and July 6, 2011, by his previous co-defendant, William Elder, in which Elder confessed to commission of petitioner's crime and swore that petitioner had no involvement.[6] See Pet. Supp., at 12-21; Exs. E, F. Petitioner states that these affidavits are reliable and corroborated by other evidence, see id. at 12-13, and therefore present "overwhelming evidence that it is apparent that petitioner is actually innocent of the crime in which he is wrongfully incarcerated for." Id. at 14. He argues that, had this evidence been presented at trial, no rational jury could have found him guilty of his crimes. See id. at 20.

Petitioner's evidence is not sufficient to show that he is actually innocent of the crimes for which he was convicted. To prove actual innocence, a petitioner must present newly discovered reliable evidence that shows his innocence of the crime. Post-conviction statements made by other participants in the crime are generally not sufficient to meet this standard. See, e.g., Carter v. Virginia, No. 3:09cv121-HEH, 2010 WL 331758, at *6 (E.D. Va. Jan. 26, 2010), aff'd, 390 F. App'x 282 (4th Cir. Aug. 11, 2010) (quoting Schlup, 513 U.S. at 324) ("To accept such commonplace declarations would ignore the Supreme Court's admonition that the quality of evidence necessary to support a claim of actual innocence 'is obviously unavailable in the vast majority of cases.'"). This is particularly true when, as here, the affidavits are sworn to several

---

[6] Elder pleaded guilty to both distribution of an imitation controlled substance and distribution of a controlled substance on May 18, 2009. Commonwealth v. Elder, Case No. CR0800290-00/CR0800292-00 (Va. Cir. Ct. May 18, 2009).

9

years after the co-defendant was convicted.[7] See, e.g., United States v. Lighty, 616 F.3d 321, 375 (4th Cir. 2010) (quoting United States v. Johnson, 487 F.2d 1278, 1279 (4th Cir. 1973) ("Post-trial recantations of testimony are 'looked upon with the utmost suspicion.'").

Lastly, the affidavits petitioner provides are of only dubious credibility. The handwriting of the June 13, 2011 by Elder affidavit looks dramatically different from the handwriting on the July 6, 2011 affidavit by Elder, thereby casting doubt on the affidavits' veracity. Compare Pet. Supp. Ex. E, with Pet. Supp. Ex. F. Moreover, on both documents, the signature looks to be in an entirely different handwriting from the handwriting on the affidavit itself, casting doubt on whether the author of the signature is the author of the affidavit. Lastly, the second affidavit was signed and notarized on July 6, 2011, but is dated as written on June 29, 2011, so it is uncertain whether the notarization is valid. Therefore, even if petitioner otherwise could rely on affidavits to establish actual innocence, the inherently incredible nature of these affidavits forecloses his claim. He has not met the gateway provisions of Schlup and McQuiggen, and therefore cannot overcome the procedural bar or the statute of limitations.

## IV.

For the foregoing reasons, the petition must be dismissed, as filed beyond the one-year statute of limitations period in § 2244(d). An appropriate judgment and Order shall issue.

Entered this 3rd day of June 2015.

T. S. Ellis, III
United States District Judge

Alexandria, Virginia

---

[7] Petitioner has also failed to explain why, if Elder executed these affidavits before petitioner submitted his state petition for a writ of habeas corpus, petitioner did not include them with his state petition. See McQuiggen, 133 S. Ct. at 1935 ("Unexplained delay in presenting new evidence bears on the determination whether the petition has made the requisite showing.").